**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) REGARDING INSTAGRAM USERNAME RHYN-LURAY | Case No. 2:23-mc-299-KFW<br><br>**FILED UNDER SEAL** |

**THIRD APPLICATION FOR EXTENSION OF ORDER COMMANDING META PLATFORMS, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF § 2703(d) ORDER AND REQUEST TO SEAL**

The United States requests that the Court order Meta Platforms, Inc. ("Meta") not to notify any person (including the subscribers and customers of the account listed in the Order dated September 29, 2023, issued pursuant to 18 U.S.C. § 2703(d) in docket number 2:23-mc-299-KFW ("September 29th Order")) of the existence of the September 29th Order for an additional period of ninety (90) days, from June 25, 2024, to September 23, 2024.

Meta is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703(d), the United States obtained the above-referenced September 29th Order which required Meta to disclose certain records and information to the United States. The September 29th Order also prohibited Meta from disclosing the existence of the application of the United States, or the existence of the September 29th Order, to the subscriber(s) of the account listed in the September 29th Order, or to any other person, for ninety (90) days, with the exception that Meta may disclose the September 29th Order to an attorney for Meta for the purpose of receiving legal advice. The initial period of non-disclosure expired on about December 28, 2023. On December 21, 2023, the Court entered the first order extending that non-disclosure period through

March 27, 2024. On March 26, 2024, the Court entered the second order extending that non-disclosure period through June 25, 2024.

This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id*.

In this case, such an order would be appropriate because the above-referenced September 29th Order relates to an ongoing criminal investigation, including efforts to confirm Rhyn Bearden's location and/or to effectuate his arrest. Though Bearden is aware of the federal investigation and case due to his appearance on the complaint and may assume that there are efforts to locate him, Bearden may not know that the United States Marshals Service is seeking to confirm Bearden's location and/or to effectuate his arrest or the steps the United States Marshals Service is taking to do so. The United States Marshals Service believes Bearden is located outside of the United States, specifically, in Bermuda. If Bearden is notified of the September 29th Order to Meta, it will confirm the involvement of the Marshals Service and steps that they have taken, giving Bearden an opportunity to continue flight from prosecution and change patterns of behavior, including by modifying or deleting social media and messaging accounts (if he has not already done so). Accordingly, there is reason to believe that notification of the existence of the September 29th Order will seriously jeopardize the investigation, including by giving Bearden an opportunity to continue flight from prosecution or change patterns of behavior. *See* 18 U.S.C. § 2705(b)(2), (5).

For these reasons, the United States respectfully requests that the Court enter an appropriate order directing Meta not to disclose the existence or content of the September 29th Order until September 23, 2024, except that Meta may disclose the September 29th Order to an attorney for Meta for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until September 23, 2024. As noted above, these documents relate to an ongoing criminal investigation that is not fully known to Bearden. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated: June 20, 2024

Respectfully submitted,

DARCIE N. MCELWEE
United States Attorney

BY: */s/ Nicholas Heimbach*
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
East Tower, 6th Floor
Portland, ME 04101
(207) 780-3257
Nicholas.Heimbach@usdoj.gov